Filed 6/2/15  Kvassay v. Kvassay CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PETER E. KVASSAY et al., | B254301 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC498669) |
| v. | |
| ROBERT V. KVASSAY, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Abraham Khan, Judge.  Affirmed.

Troy A. Stewart for Plaintiffs and Appellants.

Russakow & Tan and Lisa Tan for Defendant and Respondent.

This appeal arises from years of lawsuits among three brothers: Peter, Richard, and Robert Kvassay.[1] Following litigation in probate and federal bankruptcy courts, Peter and Richard filed this case against Robert seeking to set aside the probate court's judgment because the court had "made a mistake." Robert filed a demurrer, a motion to strike, and a motion for sanctions. Seven days before the hearing, Peter and Richard dismissed their complaint without prejudice. They did not serve their request for dismissal on Robert. Counsel for Peter and Richard did not appear on the hearing date for the demurrer and motion to strike nor at the later hearing date on Robert's motion for sanctions. Peter and Richard filed no opposition to the sanctions motion, nor did they ever raise before the trial court any of the arguments they now propose to make on appeal. Accordingly, they have forfeited those contentions. We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The three litigants' parents, Emanuel and Maria Kvassay, created a family trust in 1993.[2] Maria died in 2001 and Emanuel died in 2006. We need not detail here all of the proceedings that have gone before. In summary, in May 2010 Robert as trustee sought to evict Peter and Richard from a large parcel of property owned by the trust. The court granted the petition. Pending appeal, a "third party" posted $216,000 in lieu of a bond. In the meantime, in May 2012 Peter and Richard filed a petition under the Probate Code to remove Robert as trustee. They also filed a civil suit at some point against Robert, alleging fraud, breach of contract, negligence, and other claims.

According to the complaint in this case,[3] in September 2012 the probate court held an afternoon hearing on Robert's motion to release the "bond." Peter claims he had filed a bankruptcy petition earlier that day and so the probate court should not have

---

[1]    For clarity, we refer to the parties by their first names. We mean no disrespect.

[2]    We take some of these facts from the probate court's 46-page statement of decision issued July 24, 2013 in Case No. BP122477 and related Case No. BC 473480.

[3]    Appellants have not included in their appendix copies of several of the court's orders to which they refer.

2

proceeded with the hearing. In December 2012 the probate court issued a minute order entering judgment against Peter and Richard for $192,660, apparently on the "bond" issue.

Peter and Richard then filed this lawsuit in January 2013. Their complaint alleged two causes of action: (1) to "set aside [the $192,660] judgment obtained by extrinsic mistake" and (2) for "injunctive relief." The plaintiffs alleged the probate court "made a mistake" in proceeding with the bond hearing notwithstanding Peter's bankruptcy filing. On February 1, 2013, Robert's attorney sent a letter to Peter and Richard's attorney, Troy Stewart, pointing out that their complaint was essentially a motion for reconsideration of the probate court's order, not a cause of action. Robert's attorney told Stewart that Robert would seek sanctions. On February 7, 2013, Robert's lawyer filed a demurrer. Following delays for several reasons -- including a challenge to the probate court judge by Peter and Richard -- Peter and Richard filed a first amended complaint in July 2013. They alleged a single cause of action "To Set Aside Judgment Obtained by Extrinsic Mistake." Peter and Richard alleged they were filing their case "in equity," as the probate court ruling was "based on [the court's] mistaken belief" and "ignorance" of bankruptcy law.

On August 16, 2013, Robert filed a notice of demurrer and motion to strike, setting the hearing for October 8, 2013 (the trial court's first available date). On August 21, 2013, Robert's attorney served on Stewart -- for Peter and Richard -- a motion for sanctions under Code of Civil Procedure section 128.7. Counsel served Stewart by mail, overnight mail, and electronic mail. Stewart did not withdraw the complaint and so Robert's attorney filed the sanctions motion with the court on September 12, 2013 (22 days later).

Forty-one days after Robert's lawyer served the sanctions motion on Peter, Richard, and Stewart, Stewart filed a request for dismissal of the complaint without prejudice on October 1, 2013. Stewart did not serve the request for dismissal on Robert's counsel. On October 8, 2013 -- the previously-set hearing date -- Robert's counsel appeared in court. No one appeared for Peter and Richard. The court took the

3

demurrer and motion to strike off calendar as moot in light of the dismissal, and continued the sanctions hearing to October 25, 2013. On October 8, Robert's attorney served on Stewart a notice of the continuance of the sanctions motion with the new date. On October 9, 2013, Robert filed a "supplement" to his sanctions motion, noting the court had authority to grant sanctions even though Peter and Richard had dismissed their lawsuit. (See *Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 975 ["plain implication of [statutory] language is that sanctions may indeed be awarded [even] if a voluntary dismissal comes after a sanctions motion is filed"].)

Stewart never filed any opposition to the sanctions motion. On October 25, 2013, Robert's attorney appeared before the court at the appointed hour for the hearing on the motion. Neither Stewart nor anyone else appeared on behalf of Peter and Richard. The court -- finding the motion "unopposed" -- granted it, awarding Robert $18,520 in attorney fees jointly and severally against Peter, Richard, and Stewart. Peter and Richard appealed.[4]

## APPELLANTS' CONTENTIONS

On appeal, Peter and Richard challenge the sanctions award as having been in "excess" of the court's "jurisdiction" and otherwise erroneous in a number of ways. Their principal argument is that Robert filed his motion for sanctions with the court too early, not taking into account days that should have been added to the "safe harbor" period set forth in Code of Civil Procedure section 128.7, subdivision (c)(1), because of service by e-mail, overnight mail, and regular mail.

## DISCUSSION

Peter and Richard contend the 21-day safe harbor period set forth in Code of Civil Procedure section 128.7, subdivision (c)(1) should have been extended for two days for e-mail and overnight mail under Code of Civil Procedure section 1010.6, subdivision (a)(4) and section 1013, subdivision (c), respectively. They assert the period should have been extended five days for service by mail under section 1013,

---

[4]     Stewart did not appeal.

subdivision (a). However, Peter and Richard never raised these arguments -- or any argument at all -- in the trial court in opposition to Robert's motion for sanctions. They filed no opposition to the sanctions motion nor did they appear at the hearings on October 8 and October 25. They never moved to strike Robert's motion for sanctions -- filed on September 12, 2013 -- as premature, nor did they move for reconsideration of the sanctions order in the trial court. Accordingly, Peter and Richard have forfeited their arguments and cannot raise them here for the first time. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 826 [by not raising it in the trial court, appellant waived contention on appeal that 21-day safe harbor period should have been extended under Code of Civil Procedure section 1013].) (See also *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["It is axiomatic that arguments not asserted below are waived and will not be considered for the first time on appeal"]; Cf. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.* (4th Cir. 2004) 369 F.3d 385, 396 [safe harbor provision of Rule 11, Federal Rules of Civil Procedure, is not jurisdictional; appellant that failed to challenge in trial court noncompliance with safe harbor provision could not raise it on appeal]; *Peake v. Underwood* (2014) 227 Cal.App.4th 428, 440 [because Legislature based section 128.7 on Rule 11 of the Federal Rules of Civil Procedure, "federal case law construing Rule 11 . . . is persuasive authority on the meaning of section 128.7"].)

## *DISPOSITION*

The order is affirmed.  Robert V. Kvassay shall recover his costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

EGERTON, J.[*]

WE CONCUR:

EDMON, P. J.

KITCHING, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.